No. CV 09-6082 DDP
(Consolidated with No. CV 09-5301 DDP)

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

THOMAS S. PACCIORETTI AS LIQUIDATING TRUSTEE FOR DELTA
ENTERTAINMENT CORPORATION

Plaintiff and Appellee,

v.

STARCREST PRODUCTS OF CALIFORNIA, INC.

Defendant and Appellant.

On Appeals from Orders of the
United States Bankruptcy Court for the Central District of California, Los
Angeles Division, Bankruptcy Court Case No. LA 07-16302-EC, and
Adversary Proceeding No. 08-01713-EC, The Honorable Ellen Carroll

**OPENING BRIEF OF APPELLANT AND DEFENDANT STARCREST
PRODUCTS OF CALIFORNIA, INC.**

D. GERBER LAW OFFICES
David A. Gerber (Bar No. 76509)
2741 S. Victoria Avenue, Suites C-D
Oxnard, CA 93035
Telephone: (805) 382-8760
Facsimile: (805) 382-8768
dgerberlaw@verizon.net

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
Robert R. Barnes (Bar No. 144881)
Yale K. Kim (Bar No. 188895)
515 S. Figueroa St., 9th Floor
Los Angeles, CA 90071
Telephone: (213) 622-5555
Facsimile: (213) 620-8816
bbarnes@allenmatkins.com,
ykim@allenmatkins.com

*Attorneys for Appellant and Defendant*
STARCREST PRODUCTS OF CALIFORNIA, INC.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.    PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   STATEMENT OF APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . 1

II.   ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.    STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A.   SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    B.   THE BANKRUPTCY COURT ERRED IN
        ASSERTING JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.   Article III Standing Is a Nonwaivable Jurisdictional Requirement . . 8

        2.   No Evidence Supporting Article III Standing Was Proffered in
            Opposition to Starcrest's Motion for Judgment on the Pleadings . . . 8

        3.   No Evidence Supporting Article III Standing Was Proffered in
            Connection with the Two Reconsideration Motions . . . . . . . . . . . 10

    C.   THE BANKRUPTCY COURT ERRED IN GRANTING
        PACCIORETTI'S SECOND MOTION TO AMEND . . . . . . . . . . . . . 12

        1.   F.R.Civ.P. 17(a)(3) Does Not Permit Amendment to Create
            Jurisdiction Where None Exists . . . . . . . . . . . . . . . . . . . . . 13

        2.   F.R.Civ.P. 15(a) Does Not Permit Amendment to Create
            Jurisdiction Where None Exists . . . . . . . . . . . . . . . . . . . . . 14

        3.   11 U.S.C. §105(a) Does Not Permit Amendment to Create
            Jurisdiction Where None Exists . . . . . . . . . . . . . . . . . . . . . 15

        4.   28 U.S.C. §1653 Does Not Permit Amendment to Create
            Jurisdiction Where None Exists . . . . . . . . . . . . . . . . . . . . . 16

VII.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Appellant's Opening Brief

**TABLE OF AUTHORITIES**

**CASES**

American Hardwoods, Inc. v. Deutsche Credit Corp.,
    885 F.2d 621 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Allen v. Wright, 468 U.S. 737 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Aloe Vera of America, Inc. v. United States, 580 F.3d 867 (9th Cir. 2009) . . . . . . . . . . . 10

Associated Ins. Management Corp. v. Arkansas Gen. Agency, Inc.,
    149 F.3d 794 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Atel Financial Corp. v. Quaker Coal Co., 327 F.3d 924 (9th Cir. 2003) . . . . . . . . . . . 12

Attorneys Trust v. Videotape Computer Prods., 93 F.3d 593 (9th Cir. 1996) . . . . . . . . . 8

Bennett v. Spear, 520 U.S. 154 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bertain v. Mitchell, 215 B.P. 438, 441 (9th Cir. BAP 1997) . . . . . . . . . . . . . . . . . 2

Coto Settlement v. Eisenberg, 593 F.3d 1031 (9th Cir. 2010) . . . . . . . . . . . . . . . . 6

Damir v. Trans-Pacific National Bank, 196 B.R. 167 (N.D. Cal. 1996) . . . . . . . . . . . 3-4

Davis v. Yageo Corp., 481 F.3d 661 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . 13

Dunmore v. United States, 358 F.3d 1107 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . 11

Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1 (2004) . . . . . . . . . . . . . . . 11

Fed. Recovery Servs., Inc. v. United States, 72 F.3d 447 (5th Cir. 1995) . . . . . . 12, 14-15

Field v. Volkswagenwerk AG, 626 F.2d 293 (3d Cir. 1980) . . . . . . . . . . . . . . . . . 17

Fietz v. Great Western Savings, 852 F.2d 455 (9th Cir. 1988) . . . . . . . . . . . . . . . . 3

FW/PBS, Inc. v. Dallas, 493 U.S. 215 (1990) . . . . . . . . . . . . . . . . . . . . . . . . 9

Graves v. Myrvang, 232 F.3d 1116 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . 16

Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971 (9th Cir. 1999) . . . . . . . . . . . 6

Huse v. Huse-Sportsem, A.S., 300 B.R. 489 (9th Cir. BAP 2003) . . . . . . . . . . . . . . 16

Imagineering, Inc. v. Kiewit Pacific Co.,
    976 F.2d 1301 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Cement Antitrust Litigation, 673 F.2d 1020 (9th Cir. 1982) . . . . . . . . . . . . . . 3

In re Saffold, 373 B.R. 39 (N.D. Ohio 2007) . . . . . . . . . . . . . . . . . . . . . . . . 13

-iii-                                    Appellant's Opening Brief

# TABLE OF AUTHORITIES - CONTINUED
## CASES - CONTINUED

Iron Cloud v. South Dakota, 984 F.2d 241 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . .17

Jaffree v. Wallace, 837 F.2d 1461 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . 15

Kashani v. Fulton, 190 B.R. 875 (9th Cir. BAP 1995) . . . . . . . . . . . . . . . . . 1, 2

Kent  v. N. Cal. Reg. Office, 497 F.2d 1325 (9th Cir. 1974) . . . . . . . . . . . . . . . 13

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) . . . . . . . . . . . 8

Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094 (9th Cir. 2002) . . . . . . . . . . . . . 4

Laborers Local 938 Health & Welfare Trust Fund v. B.R. Starns Co. of Fla.,
        827 F.2d 1454 (11th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . 17

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . 4

Miller v. Indiana Hospital, 562 F.Supp. 1259 (W.D.Pa. 1983) . . . . . . . . . . . . 10

Newman-Green, Inc. v. Alfonso-Larrain, 490 U.S. 826 (1989) . . . . . . . . . . . 16

Nickless v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
        317 B.R. 455 (D.Mass. 2004) . . . . . . . . . . . . . . . . . . . . . . . 3

Noonan v. Sec. of HHS, 124 F.3d 22 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . .15-16

Pacamor Bearings, Inc. v. Minebea Co., Inc., 892 F.Supp. 347 (D.N.H. 1995) . . . . . . . . 3

Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.,
        700 F.2d 889 (2nd Cir. 1983) . . . . . . . . . . . . . . . . . . 12, 14, 17

Rabkin v. Oregon Health Sciences Univ., 350 F.3d 967 (9th Cir. 2003) . . . . . . . . . . . . . 5

Raines v. Baird, 521 U.S. 811 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Rockwell International Credit Corp. v. United States Aircraft Ins. Group,
        823 F.2d 302 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . 16

Safe Air v. Meyer, 373 F.3d 1035 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . 10

Salve Regina Coll. V. Russell, 499 U.S. 225 (1991) . . . . . . . . . . . . . . . . . . . . . . 5

Sea Hawk Seafoods, Inc. v. Alaska, 439 F.3d 545 (9th Cir. 2006) . . . . . . . . . . . . . 5

Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26 (1976) . . . . . . . . . . . . . . . . . .1

Snell v. Cleveland, Inc., 316 F.3d 822 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . 16

Appellant's Opening Brief

# TABLE OF AUTHORITIES - CONTINUED

## CASES - CONTINUED

Springate v. Weighmaster Murphy, Inc., 17 F.Supp.2d 1007 (C.D.Cal. 2007) . . . . . . . . 6

Sprint Comms. Co., L.P. v. APCC Services, Inc.,

    28 S.Ct. 2531 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Summit Office Park, Inc. v. United States Steel Corp.,

    639 F.2d 1278 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Thissen v. Johnson, 406 B.R. 888 (E.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Thomas v. Mundell, 572 F.3d 756 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Torres-Lopez v. May, 111 F.3d 633 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 1

United States ex rel. Precision Co. v. Koch Industries, Inc.,

    31 F.3d 1015 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Valley Forge Christian Coll. v. Americans United for Separation of Church and State,

    454 U.S. 464 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Vermont Agency of Natural Resources v. United States, 529 U.S. 765 (2000) . . . . . . . . 6

Warth v. Seldin, 422 U.S. 490 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

Whelan v. Abell, 953 F.3d 663 (D.C.Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Whitmire v. Victus Ltd., 212 F.3d 885 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . 17

Wilborn v. Gallagher, 205 B.R. 202 (9th Cir. BAP 1996) . . . . . . . . . . . . . . . . . . . . . 4

Zurich Ins. Co. v. Logitrans, Inc., 297 F.3d 528 (6th Cir. 2002) . . . . . . . . . . . . . . . 13-14

## STATUTES AND OTHER PROVISIONS

F.R.B.P. 7015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

F.R.B.P. 7017 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

F.R.B.P. 8003(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

F.R.Civ.P. 8(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

F.R.Civ.P. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 14-15

F.R.Civ.P. 17(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13-14

Appellant's Opening Brief

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES - CONTINUED

## STATUTES AND OTHER PROVISIONS - CONTINUED

11 U.S.C. §105(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15-16

11 U.S.C. §323 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11 U.S.C. §541(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 16

11 U.S.C. §1107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11 U.S.C. §1123(a)(5)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11 U.S.C. §1123(b)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. §158(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

28 U.S.C. §1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

28 U.S.C. §1653 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

U.S. Const., Art. II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-5, 8-17

Appellant's Opening Brief

# I. <u>PRELIMINARY STATEMENT</u>

Thomas Paccioretti ("Paccioretti"), wrongly claiming to be liquidating trustee, filed an adversary proceeding against defendant/appellant Starcrest Products of California, Inc. ("Starcrest"). Paccioretti had no standing whatsoever to bring the claims he asserted, and in consequence the Bankruptcy Court lacked subject-matter jurisdiction over his Complaint. When Starcrest brought the issue to Paccioretti's attention, he repeatedly tried to amend his defective Complaint rather than have the party with admitted standing, liquidating trustee Broadway Advisors, LLC ("Broadway"), commence a proper action of its own.

It is not possible to fix a fatal jurisdictional defect like this by amendment. Yet Paccioretti and Broadway declined the lower Court's invitation to cure the problem the right way, with a new lawsuit by Broadway. They must now live with the consequence of that decision, dismissal of the proceeding.

# II. <u>STATEMENT OF APPELLATE JURISDICTION</u>

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." <u>Simon v. Eastern Ky. Welfare Rights Org.</u>, 426 U.S. 26, 37 (1976). That limitation's source is Article III, §2, of the Constitution. Justiciability under Article III "is the threshhold question in every federal case, determining the power of the court to entertain the suit." <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975).

The lower Court asserted jurisdiction even though Paccioretti lacked Article III standing. It then allowed amendment of his Complaint to substitute in an entity with Article III standing. These two rulings were interlocutory, since they did not finally determine Paccioretti's causes of action. <u>Kashani v. Fulton</u>, 190 B.R. 875, 882 (9th Cir. B.A.P. 1995).

Under 28 U.S.C. §158(a)[1] a District Court may grant leave to appeal interlocutory

---

[1] "The district courts of the United States shall have jurisdiction to hear appeals
"(1) from final judgments, orders, and decrees;
"(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title: and
"(3) with leave of the court, from other interlocutory orders and decrees;

Appellant's Opening Brief

1  Bankruptcy Court rulings. Specifically, F.R.B.P. 8003(c)[2] authorizes the Court to direct
2  Starcrest to file motions for leave to appeal, or alternatively to treat Starcrest's Notices of
3  Appeal as motions for leave to appeal. Bertain v. Mitchell, 215 B.P. 438, 441 (9th Cir.
4  BAP 1997) ["FRBP 8003(c) allows us to treat Appellant's notice of appeal as a motion for
5  leave to appeal"].

6      Should the Court pursuant to Rule 8003(c) direct Starcrest to file motions for leave
7  to appeal, Starcrest requests at least 15 days to do so. Should the Court treat Starcrest's
8  Notices of Appeal as motions for leave to appeal, Starcrest offers the following "mini-
9  briefing" in support of leave to appeal.

10     The criteria of 28 U.S.C. §1292(b),[3] which governs interlocutory appeals from
11  District Courts to Courts of Appeals, also apply in deciding whether to grant leave to
12  appeal interlocutory Bankruptcy Court rulings to District Courts. Kashani, supra, 190 B.R.
13  at 882. Under the imported factors, "Granting leave is appropriate if the order involves a
14  controlling question of law where there is substantial ground for difference of opinion and
15  when the appeal is in the interest of judicial economy because an immediate appeal may
16  materially advance the ultimate termination of the litigation." Id.

17     Section 1292(b)'s criteria for interlocutory appeal of bankruptcy determinations are

18  _____

19      "of bankruptcy judges entered in cases and proceedings referred to the bankruptcy
    judges under section 157 of this title . . ."

20      [2] "If a required motion for leave to appeal is not filed, but a notice of appeal is
21  timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or
    direct that a motion for leave to appeal be filed. The district court or the bankruptcy
22  appellate panel may also deny leave to appeal but in so doing shall consider the notice of
    appeal as a motion for leave to appeal. Unless an order directing that a motion for leave
23  to appeal be filed provides otherwise, the motion shall be filed within 14 days of entry of
24  the order."

25      [3] "When a district judge, in making in a civil action an order not otherwise
    appealable under this section, shall be of the opinion that such order involves a
26  controlling question of law as to which there is substantial ground for difference of
    opinion and that an immediate appeal from the order may materially advance the ultimate
27  termination of the litigation, he shall so state in writing in such order. The Court of
    Appeals which would have jurisdiction of an appeal of such action may thereupon, in its
28  discretion, permit an appeal to be taken from such order . . ."

Appellant's Opening Brief

1  satisfied for the two rulings challenged in these appeals.  See generally Fietz v. Great
2  Western Savings, 852 F.2d 455, 456 (9th Cir. 1988) (Bankruptcy Court's denial of motion
3  to dismiss for lack of subject-matter jurisdiction was interlocutory ruling appealable in
4  District Court's discretion).

5       First, "controlling" questions are defined as those as to which "resolution of the
6  issue[s] on appeal could materially affect the outcome of the issue[s]" in the Bankruptcy
7  Court.  In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).  Threshhold
8  jurisdictional issues such as Article III standing are "controlling."  Nickless v. Merrill
9  Lynch, Pierce, Fenner & Smith, Inc., 317 B.R. 455, 456 (D.Mass. 2004) ("Standing is
10 generally a dispositive legal issue because if the plaintiff lacks standing the entire case must
11 be dismissed"); Pacamor Bearings, Inc. v. Minebea Co., Inc., 892 F.Supp. 347, 361
12 (D.N.H. 1995) ("Standing is generally a controlling question of law in that if a plaintiff is
13 found to lack standing, the action will be dismissed").  As in the cited cases, resolution of
14 the jurisdictional questions presented in these appeals "could materially affect" the
15 proceeding below in the most extreme way – by terminating it.

16      Second, there is more than one "demonstrable difference of opinion" concerning the
17 issues presented.  Thissen v. Johnson, 406 B.R. 888, 892 (E.D. Cal. 2009). The Circuits
18 are split on the availability of amendment under F.R.Civ.P. 15(a) to cure an Article III
19 standing defect,[4] and the Ninth Circuit has not weighed in. According to the Bankruptcy
20 Court, there is also a Circuit split on the pleading requirements for Article III standing.[5]
21 These differences of opinion establish the second leave factor.  See, e.g., Damir v. Trans-
22 Pacific National Bank, 196 B.R. 167, 170 (N.D. Cal. 1996) ("The issues are not well
23 settled.  Judicial decisions in both the Ninth Circuit and other circuits do not provide clear
24 rules of law").

25      Finally, "judicial economy will be served by determining the issues raised in this

26

27

28

---

[4] See Sec. V.C.2., infra.

[5] See Sec. VI.B.3., infra.

-3-

Appellant's Opening Brief

1   appeal at this time." Damir, id., 196 B.R. at 170. Determining the issues will obviate trial

2   and other proceedings below, and will advance the litigation dispositively through

3   establishing that the Bankruptcy Court erred "by reopening the case and could not properly

4   hear the complaint." Wilborn v. Gallagher, 205 B.R. 202, 207 (9th Cir. BAP 1996).

5                         **III. ISSUES PRESENTED**

6        The issue presented in the first of these appeals is whether the Bankruptcy Court

7   erred in asserting subject-matter jurisdiction.[6] The issue presented in the second appeal is

8   whether given the lack of subject-matter jurisdiction the Court erred in exercising power to

9   permit amendment of Paccioretti's Complaint.[7]

10                      **IV. STANDARD OF REVIEW**

11        Because standing under the "case-or-controversy" requirement of Article III is a

12   jurisdictional limitation, Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-560 (1992);

13   Thomas v. Mundell, 572 F.3d 756, 760 (9th Cir. 2009), it is a question of law reviewed de

14   novo. Thomas, id.; Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1111 n.11 (9th

15   Cir. 2002). In particular, "a bankruptcy court's determination of its jurisdiction" is subject

16

17

18       [6] "The original plaintiff, Thomas S. Paccioretti, falsely claiming to be the
liquidating trustee for debtor Delta Entertainment Corporation ('Delta'), filed a complaint

19   commencing the adversary proceeding below. Paccioretti lacked Constitutional standing
to prosecute the claims at issue. The Bankruptcy Court dismissed the proceeding for

20   want of subject-matter jurisdiction. Did the Bankruptcy Court err (1) in reversing the
decision and granting the motion, by non-party Broadway Advisors, LLC ('Broadway'),

21   for reconsideration of the order dismissing the adversary proceeding ('Broadway
Motion') and (2) in denying Starcrest's motion for reconsideration of the order granting

22   the Broadway Motion?" Appellant's Addendum of Excerpts of Record ("AA") Vol. 1,

23   Item Number ("IN") 40, 559:11-14.

24       [7] "Plaintiff/appellee Paccioretti, falsely claiming to be the liquidating trustee in this
case, filed the complaint commencing this adversary proceeding. After Starcrest moved

25   for judgment on the pleadings based on Paccioretti's lack of standing. Paccioretti or
Broadway Advisors, LLC sought and obtained entry of an order amending the complaint

26   to substitute Broadway Advisors for Paccioretti as plaintiff in this proceeding. Did the

27   bankruptcy court err in granting the motion for leave to amend complaint to substitute in
Broadway Advisors as plaintiff in the adversary proceeding in light of its legal error

28   regarding Paccioretti's lack of standing to commence the action in the first instance?"
AA, Vol. 2, IN 43, 581:16-19.

             Appellant's Opening Brief

1  to de novo review. <u>Sea Hawk Seafoods, Inc. v. Alaska</u>, 439 F.3d 545, 547 (9th Cir. 2006).

2  Under the <u>de novo</u> standard, "no form of appellate deference is acceptable." <u>Rabkin v.</u>

3  <u>Oregon Health Sciences Univ.</u>, 350 F.3d 967, 970 (9th Cir. 2003), <u>quoting</u> <u>Salve Regina</u>

4  <u>Coll. v. Russell</u>, 499 U.S. 225, 231 (1991).

5                          V. **STATEMENT OF THE CASE**

6        Starcrest sells a wide variety of merchandise through catalogs and the Internet.  AA,

7  Vol. 1, IN 12, 238:20-21.  Debtor Delta Entertainment Corporation ("Delta" or "Debtor")

8  was one of Starcrest's vendors, supplying music CDs and movie DVDs.  AA, Vol. 1, IN

9  12, 238:24-25.

10       After Delta filed its bankruptcy petition, a First Amended Liquidating Plan ("the

11  Plan") was confirmed which created a liquidating trust and transferred to it substantially all

12  of Delta's assets, including its causes of action.  AA, Vol. 1, IN 8, 140:5 to 142:23.  The

13  liquidating trustee, Broadway, was appointed representative of the estate, including for

14  purposes of prosecuting the causes of action.  AA, Vol, 1, IN 8, 141:15 to 142:2.  Pacioretti

15  was not liquidating trustee at any time.

16       Pacioretti nonetheless initiated an adversary proceeding to collect $25,300.30 Delta

17  allegedly invoiced to Starcrest.  AA, Vol. 1, IN 5.  His Complaint was filed by "Thomas S.

18  Pacioretti as Liquidating Trustee for Delta Entertainment Corporation," and alleged that:

19       "Thomas S. Pacioretti ('Plaintiff') solely in his capacity as liquidating trustee for
          Delta Entertainment Corporation ('Debtor') is the Debtor's liquidating trustee
20       pursuant to the plan of reorganization confirmed in the Debtor's Chapter 11
          bankruptcy case, and is vested on behalf of creditors with the causes of action
21       asserted herein." Des. II, 1:1.- AA, Vol. 1, IN 5, 84: 24-28.

22       On October 31, 2008 Starcrest filed an Answer denying the material allegations of

23  the Complaint and interposing affirmative defenses, including lack of standing.  AA, Vol. 1,

24  IN 6.

25       On February 13, 2009 Starcrest filed a Motion for Judgment on the Pleadings

26  contending that Pacioretti did not have Article III standing.  AA, Vol. IN 7, 118:1-11.  The

27

28

                                    -5-                    Appellant's Opening Brief

1  motion observed, based on judicially-noticeable facts[8] and the "incorporation by reference"
2  doctrine,[9] that the liquidating trustee in which debtor's claims vested was Broadway.  AA,
3  Vol. 1, IN 7, 117:1-18.  Paccioretti was not the liquidating trustee, and did not hold
4  Debtor's claims.[10]  AA, Vol. 1, IN 7, 117:19-28.

5       On February 17, 2009 Paccioretti filed a Motion for Leave to Amend to substitute in
6  Broadway as plaintiff.  AA, Vol. 1, IN 9.

7       At an April 1, 2009 hearing the Court stated that it would dismiss the adversary
8  proceeding for lack of subject-matter jurisdiction.[11]  AA, Vol. 1, Tr. 4/1/09, IN 2, 38:12-25,
9  39:9-20.  The Court also stated that it would deny Paccioretti's Motion for Leave to
10  Amend.  Id.  The Court observed that liquidating trustee Broadway "is obviously free to file
11  a new action" to obviate the jurisdictional problem.  Id., IN 2, 37:5-13.

12       Broadway did not file the suggested "new action."  Instead, on April 10, 2009 it
13  brought a Motion for Reconsideration of the forthcoming dismissal.  AA, Vol. 2, IN 18.

14

15       [8] Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999)
16  ("When considering a motion for judgment on the pleadings, this court may consider
    facts that 'are contained in materials of which the court may take judicial notice'")
17  (citation omitted).  Specifically, the Bankruptcy Court properly took judicial notice of the
    contents of its own records.  Springate v. Weighmaster Murphy, Inc., 17 F.Supp.2d 1007,
18  1013 (C.D.Cal. 2000).

19       [9] This doctrine allows consideration of extrinsic material "where the complaint
20  necessarily relies upon a document ..., the document's authenticity is not in question and
    there are no disputed issues as to the document's relevance."  Coto Settlement v.
21  Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

22       [10] This is now admitted: "In fact, Thomas S. Paccioretti ('Paccioretti') was not the
23  liquidating trustee."  Debtor's Fifth Post-Confirmation Status Conference Report at 5
    (emphasis in original).

24
         [11] In dismissing the Complaint but not granting Starcrest's Motion for Judgment on
25  the Pleadings, the Court applied literally the rule that "Questions of jurisdiction, of
    course, should be given priority - - since if there is no jurisdiction there is no authority to
26  sit in judgment of anything else.  'Jurisdiction is power to declare the law, and when it
27  ceases to exist, the only function remaining to the court is that of announcing the fact and
    dismissing the cause.'"  Vermont Agency of Natural Res. v. United States, 529 U.S. 765,
28  778-79 (2000) (citations omitted).

Appellant's Opening Brief

1    On April 16, 2009 the Bankruptcy Court issued its order denying Paccioretti's
2  February 17, 2009 Motion for Leave to Amend.  AA, Vol. 2, IN 20.

3    On April 17, 2009 the Court issued its order dismissing the adversary proceeding for
4  lack of subject-matter jurisdiction.  AA, Vol. 2, IN 21.

5    At an April 29, 2009 hearing the Court stated that it would grant Broadway's April
6  10, 2009 reconsideration motion and vacate its April 17, 2009 dismissal order.  AA, Vol. 1,
7  Tr. 4/29/09, IN 3, 62:3-12.  The Court reasoned that there is a Circuit split on the pleading
8  requirements for Article III standing, and under Ninth Circuit's "squishy" view
9  Paccioretti's Complaint was sufficient because "it seems like there just needs to be an
10 allegation of injury and whether the plaintiff actually holds that claim or not is not
11 relevant."  AA, Vol. 1, Tr. 4/29/09, IN 3, 57:10-17 and 61:23-25.

12   On June 15, 2009 the Court issued its order granting Broadway's April 10, 2009
13 reconsideration motion and vacating the April 17, 2009 dismissal.  AA, Vol. 2, IN 24.

14   On June 16, 2009 Starcrest filed a Motion for Reconsideration of the June 15, 2009
15 order reinstating the adversary proceeding.  AA, Vol. 2, IN 25.

16   On June 18, 2009 Paccioretti filed a second Motion for Leave to Amend to replace
17 Paccioretti with Broadway as plaintiff.  AA, Vol. 2, IN 27.

18   On July 2, 2009 the Court denied Starcrest's June 16, 2009 reconsideration motion.
19 AA, Vol. 2, IN 34.

20   On July 9, 2009 Starcrest timely filed a Notice of Appeal of the June 15, 2009 and
21 July 2, 2009 rulings that subject-matter jurisdiction existed.  AA, Vol. 2, IN 39 and 42.

22   On July 29, 2009 the Court granted Paccioretti's June 18, 2009 Motion for Leave to
23 Amend, substituting in Broadway for Paccioretti.  AA, Vol. 2, IN 41, 563:25-28, and
24 564:1.

25   On August 7, 2009 Starcrest timely filed a Notice of Appeal of the July 29, 2009
26 order allowing amendment of the Complaint.  AA, Vol. 2, IN 42.

27   On August 24, 2009 this Court ordered Starcrest's two appeals consolidated.
28   The main facts relevant to the issues presented are that contrary to his Complaint

Appellant's Opening Brief

1  Paccioretti is not the liquidating trustee, AA, Vol. 1, IN 7, 118:1-11, and neither Broadway
2  nor Paccioretti presented evidence of his Article III standing.  AA, Vol. 1, IN 7, 117:19-28;
3  AA, Vol. 1, IN 11; AA, Vol. 2, IN 18; and AA, Vol. 2, IN 32.

4                               V.  **ARGUMENT**

5  **A.   SUMMARY OF ARGUMENT**

6         As discussed in subsection B., _infra_, because Paccioretti did not have Article III
7  standing the Bankruptcy Court erred in asserting subject-matter jurisdiction.  As discussed
8  in subsection C., the Court also erred in exercising judicial power in allowing a curative
9  party substitution when it lacked jurisdiction.

10 **B.   THE BANKRUPTCY COURT ERRED IN ASSERTING JURISDICTION**

11        **1.  Article III Standing Is a Nonwaivable Jurisdictional Requirement**

12        "Article III of the Constitution limits the 'judicial power' of the United States to the
13 resolution of 'cases' and 'controversies.'"  Valley Forge Christian College v. Americans
14 United for Separation of Church and State, 454 U.S. 464, 471 (1982).  Article III standing
15 "is perhaps the most important of [the jurisdictional] doctrines."  Allen v. Wright, 468 U.S.
16 737, 750 (1984).  To have Article III standing, the plaintiff must suffer "concrete and
17 particular" and "actual or imminent" "injury in fact," such injury must be "fairly traceable"
18 to the defendant's actions, and the injury must be redressable by a favorable ruling.
19 Bennett v. Spear, 520 U.S. 154, 167 (1997).

20        Whether the Bankruptcy Court had subject-matter jurisdiction may be independently
21 assessed by this Court; that defense is never waived and may be raised by the parties or the
22 Court at any time, even for the first time on appeal.  Attorneys Trust v. Videotape
23 Computer Prods., 93 F.3d 593, 594-95 (9th Cir. 1996).  In the Bankruptcy Court Starcrest
24 did raise the issue, and pursued it vigorously.

25        **2.  No Evidence Supporting Article III Standing Was Proffered in Opposition**
26 **to Starcrest's Motion for Judgment on the Pleadings**

27        Federal courts are presumptively without jurisdiction over civil actions.  Kokkonen v.
28 Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  _No_ evidence was furnished to

1  establish Paccioretti's Article III standing and defeat this presumption.

2      This is true in particular in connection with Starcrest's Motion for Judgment on the

3  Pleadings. Under F.R.Civ.P. 8(a)(1), a complaint must contain "a short and plain statement

4  of the grounds for the court's jurisdiction." Further, "it is the burden of the 'party who

5  seeks the exercise of jurisdiction in his favor'" "clearly, to allege facts demonstrating that

6  he is a proper party to invoke judicial resolution of the dispute.'" FW/PBS, Inc. v. Dallas,

7  493 U.S. 215, 231 (1990) (citations omitted). This burden is imposed for Article III

8  standing in particular:

9      "The complainant must allege an injury to himself that is distinct and palpable, as
   opposed to merely abstract, and the alleged harm must be actual or imminent  not

10  conjectural or hypothetical. Further, the litigant must satisfy the causation and
   redressability prongs of the Art. III minima by showing that the injury fairly can be

11  traced to the challenged action and is likely to be redressed by a favorable decision.
   The litigant must clearly and specifically set forth the facts sufficient to satisfy these

12  Art. III standing requirements." Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d
   1303, 1308 (9th Cir. 1992).

13

14      Under 11 U.S.C. §541(a)(1) a debtor's estate is vested with "all legal or equitable

15  interests of the debtor in property as of the commencement of the case." When Delta filed

16  its bankruptcy petition, its claims against Starcrest assertable under nonbankruptcy law

17  vested in the bankruptcy estate, of which Delta, as debtor in possession, was the

18  representative. See 11 U.S.C.§323 ("the trustee . . . is the representative of the estate" with

19  "capacity to sue"), §1107 ("a debtor in possession shall have all the rights . . . ., and

20  powers, and shall perform all the functions and duties, . . . of a trustee"). In the Plan and

21  accompanying liquidating trust agreement,  Broadway then was appointed liquidating

22  trustee pursuant to 11 U.S.C. §§1123(a)(5)(B) ("a plan shall - . . . provide adequate means

23  of the plan's implementation, such as - . . . transfer of all or any part of the property of the

24  estate to one or more entities") & (b)(3)(B) ("a plan may - provide for - . . . the retention

25  and enforcement by the debtor, by the trustee, or by a representative of the estate appointed

26  for such purpose, of any such claim or interest"). Because of the transfer of the estate's

27  property (including causes of action) to the liquidating trust, and  Broadway's appointment

28  as liquidating trustee to enforce the estate's claims, Broadway had Article III standing.
   Sprint Comms. Co., L.P. v. APCC Services, Inc., 28 S.Ct. 2531, 2542 (2008) ("Lawsuits

Appellant's Opening Brief

1  by assignees, including assignees for collection only, are 'cases and controversies of the
2  sort traditionally amenable to, and resolved by, the judicial process'") (citation omitted). In
3  contrast, Paccioretti was not liquidating trustee and did not acquire standing to sue as a
4  representative of the estate.

5      A motion for judgment on the pleadings may challenge subject-matter jurisdiction.
6  Miller v. Indiana Hospital, 562 F.Supp. 1259, 1266 (W.D.Pa. 1983). Starcrest's motion
7  urged that Paccioretti's pleading was noncompliant with Rule 8(a)(1) because its allegation
8  that he was liquidating trustee was a sham, falsified by the cognizable fact that Broadway
9  was liquidating trustee.

10     Because Starcrest presented evidence disputing facts alleged in Paccioretti's
11 Complaint, its challenge to his pleading was "factual" rather than "facial." "In a facial
12 attack, the challenger asserts that the allegations contained in a complaint are insufficient on
13 their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger
14 disputes the truth of the allegations that, by themselves, would otherwise invoke federal
15 jurisdiction." Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

16     In response to a "factual" challenge, the party opposing the motion must furnish
17 affidavits or other evidence necessary to satisfy the burden of establishing subject-matter
18 jurisdiction. Aloe Vera of Am., Inc. v. United States, 580 F.3d 867, 873 (9th Cir. 2009).
19 Paccioretti did not furnish evidence probative of "actual injury" to him, or the other
20 elements of Article III standing. He therefore did not sustain his burden of establishing
21 subject-matter jurisdiction.

22 **3. No Evidence Supporting Article III Standing Was Proffered in Connection**
23 **with the Two Reconsideration Motions**

24     There was also no evidence of Paccioretti's Article III standing in the
25 reconsideration proceedings. On April 17, 2009 the Bankruptcy Court held that it lacked
26 jurisdiction, and dismissed the adversary proceeding. In anticipation of the dismissal, on
27 April 10, 2009 Broadway filed a reconsideration motion. Like Paccioretti's opposition to
28 Starcrest's Motion for Judgment on the Pleadings, Broadway presented no facts supporting

-10-                                    Appellant's Opening Brief

1 Paccioretti's Article III standing.  Nonetheless, on June 15, 2009 the Court granted
2 Broadway's motion.  Starcrest's June 16, 2009 reconsideration motion underscored that
3 there continued to be no evidence of jurisdiction, but on July 2, 2009 the Court denied
4 Starcrest's motion.

5      Since at no time during the reconsideration proceedings was evidence proffered
6 supporting Paccioretti's Constitutional standing, the Court should not have reinstated the
7 adversary proceeding after dismissing it on April 17, 2009.

8      In changing direction the Bankruptcy Court relied mainly on <u>Dunmore v. United</u>
9 <u>States</u>, 358 F.3d 1107 (9th Cir. 2004).  The Court posited that <u>Dunmore</u> reflects the Ninth
10 Circuit's "squishy" view that "there just needs to be an allegation of injury."  The Court
11 also cited <u>Warth</u>, <u>supra</u>, and <u>Elk Grove Unified School Dist. v. Newdow</u>, 542 U.S. 1
12 (2004).

13      The Court's reading of these three cases would place them fundamentally at odds
14 with established Article III law requiring that plaintiff allege injury to *himself*.  The
15 decisions in reality reiterate unambiguously that injury to *plaintiff* is a necessary pleading
16 (and substantive) element of Article III standing.  <u>Dunmore</u>, <u>supra</u>, 358 F.3d at 1111-12
17 ("To assert constitutional standing in this case, Dunmore must have suffered an 'injury in
18 fact' that is fairly traceable to the United States and that a favorable court decision could
19 likely redress.  We conclude that Dunmore has constitutional standing.  His complaint
20 alleges an injury in fact, the overpayment of federal income taxes, that is fairly traceable to
21 the IRS's refusal to refund the sums purportedly due Dunmore, and is redressable by the
22 Court if it were to award Dunmore his asserted refund"); <u>Warth</u>, <u>supra</u>, 422 U.S. at 498-99
23 ("As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged
24 such a personal stake in the outcome of the controversy' as to warrant his invocation of
25 federal-court jurisdiction and to justify exercise of the court's remedial powers on his
26 behalf") (citation omitted); <u>Elk Grove Unified School Dist.</u>, <u>supra</u>, 542 U.S. at 12 ("The
27 Article III limitations are familiar: The plaintiff must show that the conduct of which he
28 complains has caused him to suffer an 'injury in fact' that a favorable judgment will

-11-

Appellant's Opening Brief

1   redress"). The Bankruptcy Court's broad reading of the three cases, in which an allegation

2   of injury to *someone* suffices for Article III standing, transforms a highly restrictive

3   gatekeeper doctrine into an open floodgate into the Federal courts.

4   **C.    THE BANKRUPTCY COURT ERRED IN GRANTING PACCIORETTI'S**

5         **SECOND MOTION TO AMEND.**

6        To cure the jurisdictional defect, Paccioretti twice moved to substitute in Broadway.

7   The Bankruptcy Court denied the initial motion on April 16, 2009 but on July 29, 2009

8   granted the second, which cited F.R.Civ.P. 15(a) & 17(a) and 11 U.S.C. §105(a). The

9   Court was correct the first time, and Paccioretti's second motion to amend should have met

10   the same fate.

11        The absence of subject-matter jurisdiction deprived the Bankruptcy Court of power,

12   and doomed Paccioretti's efforts to amend. "The longstanding and clear rule is 'that if

13   jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the

14   intervention of a [plaintiff] with a sufficient claim.'" <u>Pressroom Unions-Printers League</u>

15   <u>Income Sec. Fund v. Continental Assurance Co.</u>, 700 F.2d 889, 893 (2nd Cir. 1983)

16   (citations omitted). Specifically, "Neither Rule 15 nor any other rule of civil procedure

17   permit [plaintiff] to cure this jurisdictional defect by including or substituting" a party

18   having Constitutional standing. <u>Fed. Recovery Servs., Inc. v. United States</u>, 72 F.3d 447,

19   453 (5th Cir. 1995).

20        The Bankruptcy Court expressly relied on F.R.Civ.P. 17(a)(3)[12] in granting

21   Paccioretti's second motion to amend. Because affirmance is required if any ground in the

22   record supports that result, <u>Atel Financial Corp. v. Quaker Coal Co.</u>, 321 F.3d 924, 926 (9th

23   Cir. 2003), this brief discusses not just Rule 17(a)(3) but also the other grounds Paccioretti

24   and Broadway advanced at various times.

25

26        [12] "The court may not dismiss an action for failure to prosecute in the name of the

27   real party in interest until, after an objection, a reasonable time has been allowed for the
real party in interest to ratify, join, or be substituted into the action. After ratification,

28   joinder, or substitution, the action proceeds as if it had been originally commenced by the
real party in interest."

                  Appellant's Opening Brief

1.  **F.R.Civ.P. 17(a)(3) Does Not Permit Amendment to Create Jurisdiction Where None Exists**.

F.R.Civ.P. 17(a)(3) applies in bankruptcy proceedings pursuant to F.R.B.P. 7017.[13] However, "a party that lacks standing to prosecute an action also lacks standing to make a rule 17 motion to substitute." In re Saffold, 373 B.R. 39, 46 (N.D. Ohio 2007).

Rule 17(a)(3) is a vehicle for bringing into a case the real party in interest, not a mechanism for amending to create jurisdiction. Substitution of a real party in interest is far different from amendment to create jurisdiction where none exists. A determination that a person has suffered "injury in fact" satisfies Article III, but real party in interest status depends on who has the legal right to sue under substantive law. Whelan v. Abell, 953 F.3d 663, 672 (D.C.Cir. 1992).

Among the many opinions applying the distinction between Constitutional standing and real party in interest status in the Rule 17(a)(3) context is Davis v. Yageo Corp., 481 F.3d 661, 678 (9th Cir. 2007), in which plaintiff did not own the shares of a corporation at the time of the injury and hence lacked standing. As a result, "whether or not [plaintiff] was the real-party-in-interest, it does not have standing, and it cannot cure its standing problem through an invocation of Fed. R. Civ. P. 17(a)." Similarly, in Kent v. N. Cal. Reg. Office, 497 F.2d 1325, 1329 (9th Cir. 1974), "the trustees of a trust fund in which taxpayers' money was kept were the real-parties-in-interest with respect to the trust fund, but they did not have standing to sue the government to enjoin collection of the taxes in the trust fund, because only the taxpayers themselves had standing." Davis, supra. Kent held that "Rule 17(a) does not give [plaintiffs] standing; 'real party in interest' is very different from standing." Kent, supra.

The other Circuits which have addressed the issue are in accord. See Zurich Ins. Co. v. Logitrans, Inc., 297 F.3d 528, 531-32 (6th Cir. 2002) ["The federal rules of civil procedure cannot expand the subject matter jurisdiction of federal courts beyond the limits

---

[13] "Rule 17 F.R.Civ.P. applies in adversary proceedings, except as provided in Rule 2010(b)."

Appellant's Opening Brief

of U.S. Constitution"; Rule 17(a) "must be read with the limitation that a federal district court must, at a minimum, arguably have subject matter jurisdiction over the original claims"; "there is a distinction between questions of Article III standing and Rule 17(a) real party in interest objections"]; <u>Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency, Inc.</u>, 149 F.3d 794, 797 (8th Cir. 1998) (citations omitted) ["Although ratification of the lawsuit under Rule 17(a) . . . satisfied the requirement that every action be prosecuted in the name of the real party in interest, the ratification did not retroactively confer . . . jurisdiction. Rather than addressing jurisdiction, Federal Rule of Civil Procedure 17(a) relates only to proper parties"; a Court that "cures" a defect in jurisdiction under Rule 17(a) is engaged in "nothing more than the meaningless act of a court having no adjudicatory power"]; <u>Pressroom Unions-Printers League Income Sec. Fund</u>, <u>supra</u>, 700 F.2d at 893 n.9 ["the action was not dismissed for failure to name the real party in interest, but rather because the district court had no jurisdiction over the suit; Rule 17(a) does not, of course, expand the jurisdiction of the federal judiciary"].

**2. F.R.Civ.P. 15(a) Does Not Permit Amendment to Create Jurisdiction Where None Exists**.

F.R.Civ.P. 15(a)(2)[14] applies in bankruptcy proceedings under F.R.B.P. 7015.[15] However, because Paccioretti lacked Article III standing he could not amend under Rule 15(a)(2) any more than under Rule 17(a)(3). <u>Fed. Recovery Servs., Inc.</u>, <u>supra</u>, 72 F.3d at 453 ("Rule 15 does not permit a plaintiff from amending its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction"); <u>Jaffree v. Wallace</u>, 837

---

[14] "(1) Amending as a matter of course. A party may amend its pleading once as a matter of course:
  "(A) before being served with a responsive pleading; or
  "(B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
  " (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

[15] "Rule 15 F.R.Civ.P. applies in adversary proceedings."

-14-                                        Appellant's Opening Brief

F.2d 1461, 1466 (11th Cir. 1988) ("because the original parties-plaintiffs lacked standing, they could not amend their complaint [under Rule 15(a)] to add new parties-plaintiffs"); Summit Office Park, Inc. v. United States Steel Corp., 639 F.2d 1278, 1282 (5th Cir. 1981) ("Since there was no plaintiff before the Court with a valid cause of action, there was no proper party available to amend the complaint" [under Rule 15(a)]).[16]

### 3. 11 U.S.C. §105(a) Does Not Permit Amendment to Create Jurisdiction Where None Exists.

Nor does 11 U.S.C. §105(a),[17] which furnishes Bankruptcy Courts with "general equitable powers," American Hardwoods, Inc. v. Deutsche Credit Corp., 885 F.2d 621, 625 (9th Cir. 1989), authorize amendment to cure a lack of subject-matter jurisdiction. Rather:

> "Section 105(a) empowers the bankruptcy court to exercise its equitable powers - - where 'necessary' or 'appropriate' - - to facilitate the implementation of other Bankruptcy Code provisions. Although expansively phrased, section 105(a) affords bankruptcy courts considerably less discretion than first meets the eye, and in no sense constitutes 'a roving commission to do equity.' Instead, the equitable discretion conferred upon the bankruptcy court by section 105(a) 'is limited and cannot be used in a manner inconsistent with the commands of the Bankruptcy Code.'" Noonan v. Sec. of HHS, 124 F.3d 22, 27 (9th Cir. 1997) (citations omitted).

Thus "a bankruptcy court's application of §105(a) is limited to those situations

---

[16] United States ex rel. Precision Co. v. Koch Industries, Inc., 31 F.3d 1015, 1019 (10th Cir. 1994), rejected this otherwise universally-accepted principle as a "technical position." It held that amendment under Rule 15(a) is barred only when the Court *previously ruled* that it lacked jurisdiction. The Fifth Circuit responded to this anomalous proposition by emphasizing that the orthodox view is not "technical" but an important aspect of the Federal courts' limited jurisdiction: "we do not take such a sanguine view of the federal courts' limited subject-matter jurisdiction . . . 'Rule 15 . . . does not allow a party to amend to create jurisdiction where none actually existed.'" The Fifth Circuit added that this is true "regardless of when the district court actually determines it lacks subject matter jurisdiction over the original plaintiff." Fed. Recovery Servs., Inc., supra, 72 F.3d at 453. See Raines v. Byrd, 521 U.S. 811, 818 (1997) ("We have always insisted on strict compliance with the jurisdictional standing requirement").

[17] "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

-15-                                             Appellant's Opening Brief

1  where it is 'a means to fulfill some specific Code provision.'" <u>Graves v. Myrvang</u>, 232
2  F.3d 1116, 1124-25 (9th Cir. 2000) (citations omitted).  Although "Exercise of §105 powers
3  must be linked to another specific Bankruptcy Code provision," <u>id.</u>, neither Paccioretti,
4  Broadway nor the Bankruptcy Court pointed to a "specific Code provision" to be fulfilled
5  through invoking §105(a).

6      In contrast to its proper role, §105(a) does not "override explicit mandates of other
7  sections of the Bankruptcy Code or mandates of other state and federal statutes." <u>Noonan</u>,
8  <u>supra</u>, 124 F.3d at 28.  Not only 11 U.S.C. §541(a)(1) but also Article III of the
9  Constitution would have to be overridden for a Bankruptcy Court lacking subject-matter
10  jurisdiction to exercise power to rule on a motion to amend;  "§105(a) does not confer
11  subject matter jurisdiction." <u>Huse v. Huse-Sportsem, A.S.</u>, 300 B.R. 489, 497 (9th Cir.
12  BAP 2003).

13  **4.  <u>28 U.S.C. §1653 Does Not Permit Amendment to Create Jurisdiction Where</u>**
14  **<u>None Exists.</u>**

15      Nor does 28 U.S.C. §1653[18] repair the lower Court's lack of subject-matter
16  jurisdiction.  That statute "addresses only incorrect statements about jurisdiction that
17  actually exists, and not defects in the jurisdictional facts themselves." <u>Newman-Green, Inc.</u>
18  <u>v. Alfonso-Larrain</u>, 490 U.S. 826, 831 (1989).  It functions "to permit correction of
19  incorrect statements about extant jurisdiction." <u>Snell v. Cleveland, Inc.</u>, 316 F.3d 822, 828
20  (9th Cir. 2002).  Illustrative is <u>Rockwell International Credit Corp. v. United States Aircraft</u>
21  <u>Ins. Group</u>, 823 F.2d 302, 304 (9th Cir. 1987), which denied substitution of a new plaintiff
22  because "The proposed amendment seeks more than the correction of 'defective allegations
23  of jurisdiction,' a correction permissible under 28 U.S.C. §1653.  The proposed amendment
24  attempts to create jurisdiction where none existed.  The proposed amendment is not
25  acceptable."

26      Other Courts of Appeals are in accord with the Ninth Circuit.  <u>See, e.g.</u>, <u>Whitmire v.</u>

27

28      [18] "Defective allegations of jurisdiction may be amended, on terms, in the trial or
    appellate courts."

-16-                    Appellant's Opening Brief

1 Victus Ltd., 212 F.3d 885, 888 (5th Cir. 2000) ("The danger against which a court must
2 guard is that a party will attempt to use §1653 to retroactively create subject-matter
3 jurisdiction"); Iron Cloud v. South Dakota, 984 F.2d 241, 243 (8th Cir. 1993) ("§1653 is
4 not appropriately invoked to amend the complaint to add plaintiffs with standing");
5 Laborers Local 938 Health & Welfare Trust Fund v. B.R. Starns Co. of Fla., 827 F.2d
6 1454, 1457 (11th Cir. 1987) (§1653 "is intended to enable courts to remedy inadequate
7 jurisdictional allegations, not to remedy defective jurisdiction itself"); Pressroom Unions-
8 Printers League Inc. Sec. Fund, supra, 700 F.2d at 893 ("we have never allowed [§1653] to
9 create jurisdiction retroactively where none existed. Section 1653 allows 'amendment only
10 of defective allegations of jurisdiction; it does not provide a remedy for defective
11 jurisdiction itself'") (citations omitted); and Field v. Volkswagenwerk AG, 626 F.2d 293,
12 306 (3d Cir. 1980) (§1653 "authorizes federal courts to allow amendment only of defective
13 allegations of jurisdiction. It does not provide a remedy for defective jurisdiction itself").

## VII. CONCLUSION

14 The Bankruptcy Court's rulings that it had jurisdiction and allowing amendment
15 should be reversed. Paccioretti's adversary proceeding against Starcrest
16 should be ordered dismissed for lack of subject-matter jurisdiction.

Dated: August 6, 2010

D. GERBER LAW OFFICES
DAVID A. GERBER

ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
YALE K. KIM

By: _____
David A. Gerber
Attorneys for Defendant/Appellant
Starcrest Products of California, Inc.

-17-                          Appellant's Opening Brief

**Form 6.     Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    ☒ this brief contains _____7,259_____ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    ☐ this brief uses a monospaced typeface and contains_____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* ____WordPerfect 12____ *(state font size and name of type style)*  __14 pt. font and Times New Roman__ , *or*

    ☐ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)*

    _____

Signature |/s/ David A. Gerber, Esq.

Attorney for |Appellant and Defendant

Date |August 6, 2010

18