LANCE N. JURICH (SBN 132695)
ljurich@loeb.com
DERRICK TALERICO (SBN 223763)
dtalerico@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

DAVID A. GERBER (SBN 76509)
dgerberlaw@verizon.net
D. GERBER LAW OFFICES
2741 S. Victoria Avenue, Suites C & D
Oxnard, CA 93035
Telephone: 805.382.8760
Facsimile: 805.382.8768

Attorneys for Defendant and Appellant
STARCREST PRODUCTS OF
CALIFORNIA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| In re: DELTA ENTERTAINMENT CORPORATION.<br><br>THOMAS S. PACCIORETTI AS LIQUIDATING TRUSTEE FOR DELTA ENTERTAINMENT CORPORATION,<br><br>                Plaintiff and Appellee,<br><br>        v.<br><br>STARCREST PRODUCTS OF CALIFORNIA, INC.,<br><br>                Defendant and Appellant. | Case No.: CV 09-6082-DDP<br>(Consolidated with Case No. CV 09-5301-DDP)<br><br>(Appeals from Orders of the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Bankruptcy Case No. 07-16301-EC, and Adversary Proceeding No. 08-01713-EC)<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF APPELLATE ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF DAVID A. GERBER AND YALE K. KIM**<br><br>Hearing--<br>Date:    October 22, 2012<br>Time:    10:00 a.m.<br>Place:    Courtroom No. 3<br>        U.S. District Court<br>        312 N. Spring Street<br>        Los Angeles, CA 90012<br>        Hon. Dean D. Pregerson |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

DEFENDANT/APPELLANT'S FEES
MOTION

TO PLAINTIFF/APPELLEE AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 22, 2012, at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Dean D. Pregerson, in Courtroom 3 of the United States District Court for the Central District of California, Western Division, located at 312 N. Spring Street, Los Angeles, California 90012, defendant, appellant, and prevailing party Starcrest Products of California, Inc. ("Starcrest") will move for an award of its reasonable appellate attorneys' fees and costs.  Starcrest seeks an award of its fees and costs incurred by its attorneys D. Gerber Law Offices in the amount of $141,660.00, and Starcrest's former attorneys Allen Matkins Leck Gamble & Mallery LLP in the amount of $62,195.00, for a grand total of $218,855 or such other amount as the Court deems equitable.

This request is based on this notice of motion, the accompanying memorandum of points and authorities and declarations of David A. Gerber and Yale K. Kim, and such additional evidence and argument as may come before the Court.  Starcrest will bring a separate motion in the Bankruptcy Court for an award of reasonable attorney's fees incurred there.

PLEASE TAKE FURTHER NOTICE that under Local Rule 7.9, any response must be filed **no later than fourteen days before the hearing date**. Failure to file a response may be deemed a waiver of any opposition to the motion.

*Local Rule 7.3*.  The parties have attempted on several occasions over several months to resolve all issues in connection with this matter, specifically including the issue of attorney's fees, and since the appeal orders were entered have continued those discussions.  There have been several e-mail exchanges and telephone conferences, including on December 22, 2011, and January 10 or 11, 2012. Further, a mediation with the Ninth Circuit mediator took place on June 19, 2012. Therefore,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

2

DEFENDANT/APPELLANT'S FEES
MOTION

1 | this motion is made following the conferences of counsel which took place on the

2 | foregoing dates.

3 | Dated:  July 19, 2012                          LOEB & LOEB LLP
LANCE N. JURICH
4 |                                                DERRICK TALERICO

5 |                                                D. GERBER LAW OFFICES
DAVID A. GERBER
6 |

7 |                                       By:  /s/ Derrick Talerico
Derrick Talerico
8 |                                             Attorneys for Defendant and Appellant
STARCREST PRODUCTS OF
9 |                                             CALIFORNIA, INC.

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

3

DEFENDANT/APPELLANT'S FEES
MOTION

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

I.      PRELIMINARY STATEMENT ................................................................. 1

II.     STATEMENT OF FACTS .......................................................................... 1

III.    ARGUMENT .............................................................................................. 6

        A.      STARCREST IS ENTITLED TO RECOVER
                REASONABLE ATTORNEYS' FEES FROM
                PACCIORETTI .............................................................................. 6

        B.      STARCREST SHOULD BE AWARDED $218,855 .......................... 9

IV.     CONCLUSION .......................................................................................... 12

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

i

DEFENDANT/APPELLANT'S FEES
MOTION

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Boyd v. Oscar Fisher Co.,
    210 Cal.App.3d 368 (1989) ................................................................. 11

In re Bulldog Trucking, Inc.,
    147 F.3d 347 (4th Cir. 1998) ............................................................... 10

California Housing Finance Agency v. E. R. Fairway Associates I,
    37 Cal.App.4th 1508 (1995) ................................................................ 11

California Wholesale Material Supply, Inc. v.
        Norm Wilson & Sons, Inc.,
    96 Cal.App.4th 598 (2002) .................................................................. 11

Enpalm, LCC v. Teitler,
    162 Cal.App.4th 770 (2008) ................................................................ 10

Erickson v. R.E.M. Concepts, Inc.,
    126 Cal.App.4th 1073 (2005) .............................................................. 11

Heppler v. J. M. Peters Co., Inc.,
    73 Cal.App.4th 1265 (1999) ................................................................... 9

Hsu v. Abbara,
    9 Cal.4th 863 (1995) .............................................................................. 7

Hyduke's Valley Motors v. Lobel Financial Corp.,
    189 Cal.App.4th 430 (2010) ................................................................... 6

Mathis v. Exxon Corp.,
    302 F.3d 448 (5th Cir. 2002) ................................................................. 6

Niederer v. Ferrera,
    189 Cal.App.3d 1485 (1987) .......................................................... 11, 12

PLCM Group, Inc. v. Drexler,
    22 Cal.4th 1084 (2000) ........................................................................ 10

PNEC Corp. v. Meyer,
    190 Cal.App.4th 66 (2010) .................................................................... 7

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

ii

DEFENDANT/APPELLANT'S FEES
MOTION

# TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

Profit Concepts Management, Inc. v. Griffith,
162 Cal.App.4th 950 (2008) ................................................................. 7

Real Property Services Corp. v. City of Pasadena,
25 Cal.App.4th 375 (1994) ................................................................... 9

Scott Co. of California v. Blount, Inc.,
20 Cal.4th 1103 (1999) ........................................................................ 7

Security Pacific Nat. Bank v. Casavant,
205 Cal.App.3d 127 (1988) .................................................................. 8

Serrano v. Unruh,
32 Cal.3d 621 (1982) ....................................................................... 7, 8

Travelers Cas. & Sur. Co. of America v. Pacific Gas & Electric Co.,
549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) ...................... 6

United States v. Hays,
515 U.S. 737 (1995) ........................................................................... 10

Wilshire Westwood Associates v. Atlantic Richfield Co.,
20 Cal.App.4th 732 (1993) ................................................................. 11

**STATUTES**

California Civil Code § 1717 ........................................................... 7, 9, 11

California Civil Code § 1717(a) ............................................................... 6

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

iii

DEFENDANT/APPELLANT'S FEES
MOTION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

By this Motion, defendant/appellant Starcrest Products of California, Inc. ("Starcrest") seeks an order directing plaintiff/appellee Thomas S. Paccioretti ("Paccioretti") to pay its reasonable appeal fees and costs.

As to entitlement, given Starcrest's undiluted victory an award is contractually mandatory.

As to amount, $218,855 is eminently equitable.  This is an average of $109,427.50 for each consolidated appeal.

### II.   STATEMENT OF FACTS

The identical Orders Reversing Decision of Bankruptcy Court and Dismissing Adversary Proceeding ("Orders") entered in case numbers 09-6082 and 09-5301 found as follows:

"In 2009, after filing a Chapter 11 bankruptcy petition, Delta Entertainment Corporation confirmed a liquidation plan and created a liquidating trust.  ER 338.  Broadway Advisors, LLC ('Broadway') was named Liquidating Trustee ('Trustee').  (Id.)

"Thomas S. Paccioretti ('Paccioretti') is Broadway's principal and sole shareholder.  (ER 338).  Plaintiff, 'Thomas S. Paccioretti as liquidating trustee for Delta Entertainment Corporation' brought an adversary proceeding against Defendant Starcrest of California, Inc. ('Starcrest').  (ER 84).  At no point, however, was Paccioretti named Trustee.

"In February 2009, Starcrest moved for judgment on the pleadings, contesting Paccioretti's standing.  (ER 118).  The bankruptcy court observed that 'the correct Trustee is obviously free to

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

1

DEFENDANT/APPELLANT'S FEES
MOTION

1    file a new action,' and dismissed the adversary proceeding for lack of

2    jurisdiction.[1]  (ER 37, 368).

3        "Broadway, the correct Trustee, did not file a new action, but did

4    file a motion for reconsideration of the bankruptcy court's order

5    dismissing the adversary proceeding.  (ER 331).  The bankruptcy court

6    granted Broadway's motion (ER 57-62, 396), and granted Paccioretti's

7    subsequent motion to amend to substitute Broadway as Plaintiff.  (ER

8    563).  Starcrest filed a motion for reconsideration, (ER 400), which was

9    denied.  (ER 517).  Starcrest timely filed two Notices of Appeal

10    regarding the denial of its motion for reconsideration and the

11    bankruptcy court's order granting Paccioretti leave to substitute in

12    Broadway."  Orders 2-3.

13

14       The Orders reversed the Bankruptcy Court's (1) denial of Starcrest's

15 reconsideration motion against Paccioretti and (2) grant of Paccioretti's motion for

16 leave to amend.  In the lower Court, Paccioretti and Paccioretti alone was the

17 victorious party on both motions.  The Orders vindicated Starcrest's challenges to

18 these rulings, and dismissed the adversary proceeding against it.  Orders 6.  Starcrest

19 is consequently the prevailing party against Paccioretti.

20       Importantly for the present Motion, the quoted findings establish that had

21 Paccioretti taken the lower Court's advice, the legal issues that prompted these

22 appeals would have vanished.  Starcrest's entire expense resulted directly from his

23 shrugging off the lower Court's recommendation that he cure his self-inflicted

24 jurisdictional wound through the simple expedient of dismissing the proceeding he

25 improvidently filed.  Lamentably, he instead chose to relentlessly pursue the action

26 in both the lower Court and here, creating enormous legal expense for Starcrest.

27

28         [1]  "The bankruptcy court also denied Paccioretti's [sic] motion for leave to amend to substitute in Broadway as Plaintiff.  (ER 361-362)."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

2

DEFENDANT/APPELLANT'S FEES
MOTION

The Bankruptcy Court registered its unhappiness with Paccioretti's lawyers' stubborn insistence on perpetuating the plainly erroneous selection of plaintiff:

"What's going on with Plaintiff's counsel?  What's – are you not aware of the Federal Rules of Civil Procedure and the local Bankruptcy Rules? I mean, your firm seems to be ignoring all of them . . . I mean, it gives me cause to wonder if I should not ever employ your firm again. You don't seem to know bankruptcy law, or if you do you're just ignoring it.  I mean, because some of the issues raised by the Defendant are right on in terms of not following procedure."  Gerber Decl., par. 3 & Exh. "A" (Transcript of Mar. 18, 2009 Proceeding at 2).

The Bankruptcy Court added:

"And you need to get the message back to your firm that I'm extremely disappointed in the performance here in terms of not paying attention to the national or local rules.  And apparently not even knowing who your client is." Id. at 19.

Despite these repeated admonitions, Paccioretti steadfastly declined to dismiss his ill-conceived Complaint.  The direct result was an ever-escalating spiral of expense for Starcrest.

The main additional facts relevant to the Motion are these:  Paccioretti's Complaint asserted claims for breach of several purchase order agreements and account stated, fraudulent transfer of assets, unjust enrichment and conversion.  ER 84-89.  Each of the latter claims involved and incorporated the breach of contract allegations, ER 87-88, amplifying them respectively with averments of demands for payment, ER 87, failure to give fair consideration, ER 88, the inequity of allowing

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

3

DEFENDANT/APPELLANT'S FEES
MOTION

1 | Starcrest to retain the benefits of the contract, id. at 88, and failure to compensate for

2 | goods delivered.  Id. at 88.

3 |     Paccioretti sought an identical $25,300.30 in compensatory damages on his

4 | interchangeable claims.  ER 87-89.  He also sought attorneys' fees, ER 89, based on

5 | a "one-way" fee-shifting provision in the purchase order agreements:

6 |

7 |        "8.    Attorney's Fees:  In the event it becomes necessary for

8 |     Delta to retain legal counsel to implement collection procedures or to

9 |     undertake litigation, or to otherwise protect its rights under this

10 |     contract, purchaser shall pay Delta a reasonable sum for attorney's fees

11 |     and related collection costs whether or not any such litigation proceeds

12 |     to final judgment."  ER 93.

13 |

14 | Delta's President confirmed in deposition that this provision is part of each purchase

15 | order contract with Starcrest.  See Declaration of David A. Gerber, attached hereto

16 | ("Gerber Decl."), par. 6 & Exh. B.

17 |     Starcrest has incurred over $203,855 in these appeals and is not seeking

18 | between $25,000-$50,000 more than it incurred.  For example, it seeks to recover

19 | nothing for co-counsel Loeb & Loeb LLP's fees and costs.  Gerber Decl. par. 3.

20 | The amount it seeks is calculated by multiplying lawyer time by hourly rates.  See

21 | Declaration of Yale K. Kim ("Kim Decl."), attached hereto, par. 5 & Exh. C; Gerber

22 | Decl. par. 3 & Exh. A.  The appeals required time-consuming research and briefing

23 | on issues of bankruptcy appealability, the rulings contested by Starcrest and

24 | Paccioretti, and now Starcrest's request for fees.  Kim Decl. par. 7; Gerber Decl.

25 | par. 5.  None of Starcrest's lawyers' time in the appeals involved work solely

26 | devoted to Paccioretti's non-contract allegations; they would have done the same

27 | research and briefing on standing and the other issues presented to this Court had

28 | Paccioretti sued only for breach of contract.  Kim Decl. par. 7; Gerber Decl. par. 5.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

4

DEFENDANT/APPELLANT'S FEES
MOTION

Starcrest's lawyers are experienced litigators.  Kim Decl. pars. 2-3; Gerber Decl. par. 2.

PACER discloses that Paccioretti filed adversary proceedings falsely alleging that he was Delta's liquidating trustee not only against Starcrest.  He filed no fewer than eleven other jurisdictionally-wanting proceedings, against Andersen Merchandisers, Inc., Publishers Clearing House, Handleman Co., One Stop Group, Inc., Distribution Fusion III Inc., Baker & Taylor, Haggen, Inc., Top Hits Inc., Roundup Co., BJ's Wholesale Club, Inc. and 1663 Sawtelle, LLC.  Paccioretti persisted in maintaining this array of actions after he demonstrably knew better.

The Bankruptcy Court noted the importance of scrutinizing those other adversary proceedings that Starcrest's lawyers' presentations revealed to be jurisdictionally flawed:

> "And then I think now that I'm aware of this jurisdictional issue, I am going to have to set OSC's on these other adversaries.  So take a look at your statute of limitations and figure out what you need to do."  Gerber Decl., par. 8 & Exh. "D" (Transcript of Apr. 1, 2009 Proceeding at 39).

The Court commented with regard to the other proceedings that, "based on these cases as I read them, if I don't have jurisdiction, I don't have jurisdiction and nobody can fix them."  Id. at 10.

Because the Court vacated its dismissal order, it did not set the envisioned OSCs.  But the District Court has now endorsed the Bankruptcy Court's initial view dismissing this proceeding for want of jurisdiction.  The effect of the clear jurisdictional defects in the other proceedings remains up in the air.  The rulings in the present appeals will permit the Bankruptcy Court to address the jurisdictional flaws at the heart of these eleven proceedings and take appropriate action now, rather than leaving them in an uncertain state for an indefinite period.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

III.   **ARGUMENT**

A.   **STARCREST IS ENTITLED TO RECOVER REASONABLE ATTORNEYS' FEES FROM PACCIORETTI**

Paccioretti's claims were for violation of California law, and hence California law governs the award of fees.  <u>Mathis v. Exxon Corp.</u>, 302 F.3d 448, 461 (5th Cir. 2002) (where "state law supplies the rule of decision" it controls fees award).  This is true in particular for contractual fee awards in bankruptcy matters.  <u>Travelers Cas. & Sur. Co. of America v. Pacific Gas & Electric Co.</u>, 549 U.S. 443, 448, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) ["an otherwise enforceable contract allocating attorney's fees (i.e., one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise"].

The applicable California law is California Civil Code section 1717(a), under which:

> "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

Section 1717(a) "makes a one-sided attorney fees provision reciprocal to ensure 'mutuality of remedy when the contract includes a provision for the recovery of attorney fees as costs.'"  <u>Hyduke's Valley Motors v. Lobel Financial Corp.</u>, 189 Cal.App.4th 430, 435 (2010) (citation omitted).  Under the statute a unilateral fees provision becomes "two-way" as a matter of law.  Hence if Starcrest is the "prevailing party" it is contractually entitled to recover fees.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

6

DEFENDANT/APPELLANT'S FEES
MOTION

Starcrest is the "prevailing party." "When a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." Scott Co. of California v. Blount, Inc., 20 Cal.4th 1103, 1109 (1999). Indeed, "when the decision on the litigated contract claims is purely good news for one party and bad news for the other," the Court has "no discretion to deny attorney fees to the successful litigant." Hsu v. Abbara, 9 Cal.4th 863, 876 (1995).

Under the current version of sec. 1717 a "determination on the 'merits' of the contract claim" is not necessary. Profit Concepts Management, Inc. v. Griffith, 162 Cal.App.4th 950, 956 (2008). A procedural or jurisdictional triumph suffices. Starcrest's complete victory on jurisdictional and procedural grounds renders it the "prevailing party."

For example, a defendant which successfully challenges personal jurisdiction is the "party prevailing on the contract under Civil Code section 1717," and "therefore entitled to recover his reasonable attorney fees as costs." Id. at 952. Similarly, a forum non conveniens dismissal mandates a statutory fees award: "If an action on a contract . . . is *dismissed* for forum non conveniens, a Court may award attorney fees to the moving party under Civil Code section 1717 if the contract provides for such fee shifting." PNEC Corp. v. Meyer, 190 Cal.App.4th 66, 71 (2010) (emphasis in original). Even if the dismissed claims can be refiled, the losing plaintiff incurs liability for fees under sec. 1717. Id. at 72.

Appeal fees are properly awarded under sec. 1717: "it is established that fees, if recoverable at all – pursuant either to statute or parties' agreement – are available for services at trial and on appeal." Serrano v. Unruh, 32 Cal.3d 621, 637 (1982). Paccioretti's Complaint specifically sets out an "agreement to pay all collection costs and legal expenses, including attorneys' fees incurred by [debtor] in exercising

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

7

DEFENDANT/APPELLANT'S FEES
MOTION

its rights and remedies under the contract," which entitles Starcrest "to an award of reasonable attorneys' fees in connection with the appeal." Security Pacific Nat. Bank v. Casavant, 205 Cal.App.3d 127, 132 (1988). Starcrest may in particular recover reasonable fees it incurs in seeking an award of fees. Serrano, supra, 32 Cal.3d at 639.

Paccioretti is individually liable for Starcrest's fees. He initiated the improper adversary proceeding. He declined to dismiss it in conformity with the Bankruptcy Court's suggestion but instead pursued it with great zeal. The first of Starcrest's appeals sought review of the lower Court's denial of Starcrest's reconsideration motion against him. ER 401. Paccioretti successfully opposed that motion. ER 483. Starcrest's second appeal contested the lower Court's grant of Paccioretti's motion to amend. ER 442. Thus the entirety of Starcrest's appellate briefs addressed the appealability, jurisdiction, amendment and fees issues arising from rulings in disputes between Starcrest and Paccioretti.

Nonetheless, Appellee's Answering Brief was filed on behalf of Broadway, presumably as a bootstrap to avoid personal liability for Paccioretti. The self-selected "adverse party" to the appeals continues to be Broadway. But this gambit is of no import. Omitting Paccioretti as a represented party does not diminish the legal work Starcrest's lawyers invested to obtain reversals of rulings he won. The appeals sought review of two determinations in Paccioretti's favor, and he is appellee even if he chose to play ostrich. He was the adverse party below and in the appeals alike, and was the sole progenitor of Starcrest's appeal fees.

Indeed, the fact that Paccioretti does not oppose the appeal or the current fees motion serves only to add a reason for granting it. Under Local Rule Governing Bankruptcy Appeals, Cases and Procedures ¶ 4, "If an appellee fails to file a brief within the time provided by these rules, the district court may deem it a consent to the granting of the relief sought on appeal."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

8

DEFENDANT/APPELLANT'S FEES
MOTION

Notably, despite the maneuver of nonappearing in the appeals, Paccioretti recently conceded that he is a party against whom Starcrest prevailed in these appeals:

> "The Plaintiff in the adversary proceeding against Starcrest of California, Inc. ("Plaintiff") was originally mistakenly misnamed as Thomas S. Paccioretti, as Liquidating Trustee for Delta Entertainment Corporation.  <u>The Plaintiff, under whatever name it is carried, is the appellant herein</u>."  Notice of Appeal to the United States Court of Appeals for the Ninth Circuit 1 n.1 (emphasis added).

Thus despite absenting himself from all briefing, Paccioretti is admittedly a party adverse to Starcrest in the appeals.

In a separate attempt to avoid personal liability, Paccioretti may observe that he individually is a stranger to the Starcrest-Delta purchase order agreements.  But this too is of no moment.  "Where a nonsignatory plaintiff sues a signatory defendant in an action on a contract and the signatory defendant prevails, the signatory defendant is entitled to attorney fees only if the nonsignatory plaintiff would have been entitled to its fees if the plaintiff had prevailed."  <u>Real Property Services Corp. v. City of Pasadena</u>, 25 Cal.App.4th 375, 382 (1994).  Paccioretti was "primed to take the benefits of an award of attorney fees if [he] won; thus it was reasonable for the court to infer [he was] prepared to take the concomitant obligation to pay attorney fees under Civil Code section 1717 if [he] lost."  <u>Heppler v. J. M. Peters Co., Inc.</u>, 73 Cal.App.4th 1265, 1291 (1999).  Since a favorable fees award was available to him, an unfavorable award is equally available against him.

## B.   STARCREST SHOULD BE AWARDED $218,855

As to amount, the starting point for a fees award is the lodestar, "a calculation based on the number of hours reasonably expended multiplied by the lawyer's

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

9

DEFENDANT/APPELLANT'S FEES
MOTION

1 reasonable hourly rate." Enpalm, LCC v. Teitler, 162 Cal.App.4th 770, 774 (2008).

2 Starcrest has incurred in excess of $218,855, which averages to $109,427.50 per

3 appeal.

4     This lodestar is "presumably reasonable." PLCM Group, Inc. v. Drexler, 22

5 Cal.4th 1084, 1097 (2000).  A Court may adjust it up or down based on equitable

6 factors specific to the case, "to fix the fee at the fair market value for the legal

7 services provided." Id. at 1095.  The factors include the nature and difficulty of the

8 litigation, the amount of money involved, the skill required and employed, the

9 attention given, success or failure, and other circumstances in the case.  Id. at 1096.

10     Paccioretti will not under these factors be able to defeat the presumption of

11 reasonableness for Starcrest's lodestar.

12     Starting with the residual category of "other circumstances," we have the

13 extraordinary fact that Paccioretti chose to litigate his ill-founded action ad nauseum

14 rather than take the lower Court's advice by dismissing and letting the party with

15 Constitutional standing prosecute its claims.  Had he voluntarily dismissed, the

16 bloodletting and its attendant expense would have ended.

17     A second "other circumstance" is that eleven other adversary proceedings

18 Paccioretti initiated are infected by the same jurisdictional malady as his Complaint

19 against Starcrest.  The results in the present appeals will enable the Bankruptcy

20 Court to correct and address these other proceedings now, rather than have them

21 remain in indefinite jurisdictional limbo.  In this regard, "the question of standing is

22 not subject to waiver", and "the federal courts are under an independent duty to

23 examine their own jurisdiction, and standing is perhaps the most important of the

24 jurisdictional doctrines." United States v. Hays, 515 U.S. 737, 742 (1995) (citations

25 omitted).  Further, standing may be examined even after final judgment in the

26 eleven proceedings. In re Bulldog Trucking, Inc., 147 F.3d 347, 353 (4th Cir.

27 1998).

28     Addressing briefly the specific "lodestar adjustment" factors:

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

10

DEFENDANT/APPELLANT'S FEES
MOTION

First, the appeals by "nature" involved issues of appealability, standing, amendment, and fee entitlement and amount that were time-consuming to research and present, as is illustrated by the detailed analyses of numerous authorities in the parties' briefs.  Several of these issues were not briefed below.  A second consideration based on the "nature" of the litigation is that California courts liberally construe "on a contract" in sec. 1717 to extend to any action "[a]s long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit.'" California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc., 96 Cal.App.4th 598, 605 (2002).  Paccioretti's claims all "involved" the alleged purchase order contracts; indeed, they were inextricably interrelated, making it impossible to allocate fees amongst them.  Erickson v. R.E.M. Concepts, Inc., 126 Cal.App.4th 1073, 1086 (2005) ("Because Erickson's tort theories and R.E.M.'s defense to Erickson's contractual theories were interrelated as raising common issues requiring virtually identical evidence, the challenged nonapportionment of the attorney fee award was within the court's discretion").  Further, Starcrest did not incur any fees in the appeals solely on the non-contract claims, and for this additional reason no allocation is in order.  Wilshire Westwood Associates v. Atlantic Richfield Co., 20 Cal.App.4th 732, 747 (1993) ("Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed").

Second, the modest amount in dispute below is not controlling.  Boyd v. Oscar Fisher Co., 210 Cal.App.3d 368, 381 (1989).  "The fact that an award of attorney fees exceeds the net amount of the judgment does not alone constitute an abuse of discretion." California Housing Finance Agency v. E. R. Fairway Associates I, 37 Cal.App.4th 1508, 1514 (1995).  California courts have squarely "rejected the notion that the fee award must be proportionate to the amount of damages recovered." Niederer v. Ferrera, 189 Cal.App.3d 1485, 1508 (1987).  Thus

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

DEFENDANT/APPELLANT'S FEES
MOTION

an award of $245,456.25 in fees has been approved where the damages were only $33,350.  Id. at 1507.  Emphasizing the modest amount in controversy would provide an incentive to the Pacciorettis of the world to overlitigate small-dollar issues without the brake of adverse fee-shifting.

Third, Starcrest's lawyers employed considerable skill in presenting the client's positions, as the Court hopefully discerned in reviewing Starcrest's appeal briefs.

Fourth, the attention given to these appeals by Starcrest's lawyers was considerable.  They did not bill for twiddling their thumbs but for real, productive legal work.

Fifth, Starcrest's success was complete, with the adversary proceeding dismissed in its entirety, unaffected by any caveats or qualifications.

## IV.   CONCLUSION

For the foregoing reasons the Court should order Paccioretti to pay Starcrest's reasonable attorneys' fees in the amount of $218,855.00, or such other amount as the Court deems equitable.

Dated:  July 19, 2012

LOEB & LOEB LLP
LANCE N. JURICH
DERRICK TALERICO

D. GERBER LAW OFFICES
DAVID A. GERBER


By: /s/ Derrick Talerico
Derrick Talerico
Attorneys for Defendant and Appellant
STARCREST PRODUCTS OF
CALIFORNIA, INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

12

DEFENDANT/APPELLANT'S FEES
MOTION

## **DECLARATION OF DAVID A. GERBER**

I, David A. Gerber, declare:

1.    I am the principal of the law firm D. Gerber Law Offices, and lead attorney for appellant and defendant Starcrest Products of California, Inc. ("Starcrest").  I have personal knowledge of the facts to which I attest, am a competent witness to give testimony as to said facts, and make this declaration in support of Starcrest's motion for award of appellate attorneys' fees.

2.    I was admitted as a member of the State Bar of California in 1977, and for many years I was a partner at Loeb & Loeb in Los Angeles.  I have concentrated on litigation during my entire legal career.  I have litigated hundreds of matters in Federal Court, including District Court,[1] Courts of Appeals,[2] and the United States Supreme Court.

3.    Attached as Exhibit "A" is a true and correct copy of my firm's invoices in these appeals, which have notations for appellate fee entries along with a summary chart which shows the total fees incurred for the appeals.  Based upon the lodestar approach, there were 201.36 hours of attorney time at an average hourly rate of $703.52, for a total of $141,660.00.  Starcrest has paid all of my firm's appellate fees reflected in Exhibit "A" except the most recent invoice.

4.    Attached hereto as Exhibit "B" is a key for the appellate fees sought by all professionals sorted by task.  The first page lists categories "A" through "I" by topic.  The following pages break down the appellate fees incurred by Starcrest by category.  The charts list professional fees for each category incurred by month, provide a total of fees for each category, and provide a separate total for all appellate fees incurred in that category.

---

[1]  Including all the District Courts in California, numerous other Districts within the Ninth Circuit, and over a dozen other District Courts across the country.

[2]  First, Third, and Ninth Circuits.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

13

DEFENDANT/APPELLANT'S FEES
MOTION

5.      Based on my experience and expertise, particularly in litigation matters in Federal Court, in my opinion the hours expended and the hourly rate charged are reasonable and appropriate.  As reflected in Exhibits "A"–"B", each of the appeals required time-consuming research and briefing on issues concerning bankruptcy appealability, the rulings contested by Starcrest and Paccioretti, and now Starcrest's request for fees.  All of the services provided to Starcrest involved work related to Paccioretti's contract allegations.

6.      Starcrest does not seek $25,000–$50,000 it incurred in these appeals.  For example, it does not seek to recover any of Loeb & Loeb LLP's fees and costs.

7.      Attached hereto as Exhibit "C" is a true and correct copy of excerpts from the deposition transcript of Wolfgang Fetten, the president of debtor Delta Entertainment Corporation.  I deposed Mr. Fetten on January 28, 2009.

8.      Attached hereto as Exhibit "D" is a true and correct copy of the transcript of the March 18, 2009, proceeding (ECF Docket # 90) before Bankruptcy Judge Ellen Carroll on Starcrest's motion for judgment on the pleadings and plaintiff's motion for leave to amend complaint.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 19, 2012.


DAVID A. GERBER

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

14

DEFENDANT/APPELLANT'S FEES
MOTION

## DECLARATION OF YALE K. KIM

I, Yale K. Kim, declare:

1.     I am a partner in the law firm Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), formerly one of the attorneys for appellant and defendant Starcrest Products of California, Inc. ("Starcrest"). I have personal knowledge of the facts to which I attest, am a competent witness to give testimony as to said facts, and make this declaration in support of Starcrest's motion for award of appellate attorneys' fees.

2.     I served as a judicial law clerk for The Honorable Barry Russell from October 1996 to September 1997 in the U.S. Bankruptcy Court, Central District of California. I also served as law clerk to Judge Russell in his capacity as an appellate judge with the Ninth Circuit Bankruptcy Appellate Panel.

3.     My practice over the past 14 years has focused on bankruptcy and related debtor-creditor departments. I have worked in the bankruptcy departments at several large firms in Southern California, including Arter & Hadden LLP, Kelley Drye & Warren LLP, and Mayer Brown LLP. I joined Allen Matkins in 2007.

4.     I was the Allen Matkins lawyer with primary responsibility for this matter, along with Starcrest's lead counsel, David A. Gerber.

5.     Based on my experience and expertise, particularly in bankruptcy and related debtor-creditor matters, in my opinion the hours expended and the hourly rates charged are reasonable and appropriate.

6.     A Summary Chart which shows the total fees incurred by Allen Matkins along with our invoices are attached hereto as Exhibit "E". Based upon the lodestar approach, our firm billed 129 hours of attorney time at an average hourly rate of $482.13, for a total of $62,195.00. This figure does not include the fees billed to and paid by Starcrest in connection with Starcrest's prior fee motion filed before this Court on February 8, 2012. [ECF Docket No. 27]

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

15

DEFENDANT/APPELLANT'S FEES
MOTION

1       7.    Each of the appeals required time-consuming research and briefing on

2 issues concerning bankruptcy appealability, the rulings contested by Starcrest and

3 Paccioretti, and now Starcrest's request for fees.  All of the services provided to

4 Starcrest involved work related to Paccioretti's contract allegations.

5       I declare under penalty of perjury that the foregoing is true and correct.

6 Executed on July 19, 2012.

7

8

9                            YALE K. KIM

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2232869.1
081080-10073

16

DEFENDANT/APPELLANT'S FEES
MOTION